1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| TREEMO, INC. a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FLIPBOARD, INC., a California Corporation,<br><br>Defendant. | CASE NO.<br><br>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK RIGHTS**<br><br>**JURY TRIAL DEMANDED** |
|---|---|

Plaintiff Treemo, Inc. for its Complaint against Defendant Flipboard, Inc., states as follows:

1. Plaintiff Treemo, Inc. is a Delaware corporation with its principal place of business at 101 Yesler Way #207; Seattle, Washington 98104.

2. Defendant Flipboard, Inc. is a Delaware corporation with a principal place of business and registered agent at 818 Emerson St.; Palo Alto, CA 94301.

3. This Court has jurisdiction of this civil action for Declaratory Judgment of non-infringement of trademark rights under the Declaratory

Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Act, 15 U.S.C. §1125(a) and (c).

4. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendant Flipboard, Inc. has sent e-mail and letters, and made telephone calls by its agent, attorney John Slafsky of Wilson Sonsini Goodrich & Rosati, to Plaintiff Treemo, Inc. and its counsel here in this District, asserting likely confusion between Treemo, Inc.'s FLOWBOARD mark and Flipboard, Inc.'s FLIPBOARD mark and threatening legal action against Treemo, Inc., thereby creating an actual controversy between the parties and causing harm in this District by way of these threats of trademark infringement and unfair competition.

**DECLARATORY JUDGMENT FOR NO FEDERAL TRADEMARK INFRINGEMENT**

5. Plaintiff Treemo, Inc. incorporates and re-alleges the facts and statements recited in paragraphs 1-4 above.

6. Plaintiff Treemo, Inc. markets a software product for the creation of side-scrolling presentations with images, text, video links, and photo galleries. Plaintiff Treemo, Inc. markets its product online using the trademark FLOWBOARD.

7. Plaintiff Treemo, Inc. applied for federal trademark registration of its FLOWBOARD mark, serial no. 85699055, on August 9, 2012. During its examination, the Trademark Office "found no conflicting marks that would bar registration." Accordingly, the application was allowed and published for opposition on February 26, 2013. No opposition was filed, and Treemo's application was allowed on April 23, 2013.

8. Defendant Flipboard, Inc. markets a software product that brings together world news and social news in a magazine format designed for a smartphone or a tablet.

9. Defendant Flipboard, Inc. is the owner of trademark registration number 4,179,857; registered on July 24, 2012 for the FLIPBOARD mark. The FLIPBOARD mark is registered for use in connection with several goods including, *inter alia*, "online social networking services; providing a social networking website for entertainment and social communications purposes; computer services, namely, providing data, information and updates on topics of interest to users of an on-line community, namely, social networking information."

10. On information and belief, despite Defendant Flipboard, Inc.'s material representations to the Trademark Office, Flipboard, Inc. does not now nor has it ever used the FLIPBOARD mark to provide a social networking website for entertainment or social communication purposes, nor does it use the FLIPBOARD mark in connection with many of the goods and services as it represented to the Trademark Office.

11. There is no reasonable likelihood of confusion, mistake, or error in the marketplace for ordinary consumers who are seeking products of either Plaintiff Treemo, Inc. or Defendant Flipboard, Inc.

12. FLOWBOARD and FLIPBOARD are distinct in sound, appearance, and connotation as applied to their respective goods. Although the ending --BOARD portions are the same, that portion comprises a word which has become generically used in association with tablet computing devices. For example, a recent search of the Trademark Office records revealed approximately 591 registrations or pending applications for marks which incorporate some form of the word BOARD in the same international class as Defendant Flipboard, Inc.'s

mark. In addition, the initial portions of the respective marks FLOW versus FLIP connote substantially different images in the minds of ordinary consumers.

13. On information and belief, neither Treemo nor Flipboard know of any single *bona fide* instance of confusion between the FLIPBOARD mark for Flipboard's product and the FLOWBOARD mark for Treemo's product.

14. Plaintiff Treemo, Inc. is entitled to a Declaration and Judgment that its FLOWBOARD mark does not infringe any of Defendant Flipboard, Inc.'s rights in any of its trademarks.

**WHEREFORE, PLAINTIFF PRAYS THAT:**

A. An Order be entered declaring that Treemo, Inc.'s FLOWBOARD mark is not confusingly similar to Flipboard's mark and may be used without interference from Flipboard; and that

B. Such further and other relief be granted, including costs of suit, as may be just and equitable in the circumstances.

**JURY DEMAND**

Plaintiff Treemo, Inc. demands a trial by jury for all issues so triable.

Dated July 11, 2013                    Respectfully submitted,

*/s/ John Whitaker*
John Whitaker, WSBA No: 28868
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, Washington  98101
Phone (206) 436-8500
Fax (206) 694-2203
*john@wlawgrp.com*

Attorney for Plaintiffs